# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**OMER HAWKINS,**
**Claimant Below, Petitioner**

**FILED**
**September 4, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-78**          (JCN: 2020017396)

**BIMBO BAKERIES, USA,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Omer Hawkins appeals the February 1, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Bimbo Bakeries, USA ("Bimbo") filed a response.[1] Mr. Hawkins did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders, which denied the addition of degeneration of cervical intervertebral disc and osteophyte of cervical vertebrae and spinal stenosis in cervical region as compensable components in the claim, denied a reopening of the claim for temporary total disability ("TTD") benefits, and denied a referral for pain management.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hawkins was injured on January 14, 2020, when he was picking up bread trays and felt pain in his neck and back that radiated to his left shoulder and down his left leg. Mr. Hawkins was seen at MedExpress the same day.[2] On February 5, 2020, the claim administrator issued an order authorizing twelve visits to physical therapy, an MRI of the lumbar spine, and an MRI of the cervical spine. On February 27, 2020, the claim administrator issued an order authorizing a referral to a neurosurgeon.

---

[1] Mr. Hawkins is represented by Patrick K. Maroney, Esq. Bimbo is represented by Jane Ann Pancake, Esq., and Jeffrey B. Brannon, Esq.

[2] The compensability order is not included in the record, however, the Board noted that Bimbo alleged that the order held the claim compensable for cervical sprain and lumbar sprain.

1

On March 3, 2020, Mr. Hawkins was seen by John R. Orphanos, M.D. Dr. Orphanos recommended that Mr. Hawkins attempt conservative pain management methods prior to performing a spinal fusion surgery. Dr. Orphanos noted that the MRI revealed cervical central canal and neuroforaminal stenosis at three levels and opined that if other pain management methods were unsuccessful, Mr. Hawkins may consider spinal fusion surgery. A March 9, 2020, report from Mr. Hawkins' physical therapy provider indicated that he was not showing any significant improvement with physical therapy and recommended that he follow up with his doctor.

Mr. Hawkins was evaluated by Paul Bachwitt, M.D., on April 27, 2020. Dr. Bachwitt opined that Mr. Hawkins' degenerative changes in the cervical and lumbar spine were due to the normal aging process and that the incident on January 14, 2020, did not aggravate or accelerate his degenerative changes. Dr. Bachwitt explained that the brevity of the workplace injury could not have caused the extensive, widespread degenerative spinal changes that would have taken many years to develop. Further, Dr. Bachwitt opined that pain management is not necessitated by the compensable injury and that Mr. Hawkins had reached maximum medical improvement ("MMI") for the compensable injuries. On April 29, 2020, the claim administrator issued an order suspending Mr. Hawkins' TTD benefits based on the report from Dr. Bachwitt.

On November 25, 2020, Mr. Hawkins followed up with Dr. Orphanos. Dr. Orphanos diagnosed him with degeneration of cervical intervertebral disc, osteophyte of cervical vertebrae, and spinal stenosis in the cervical region. On December 15, 2020, Dr. Orphanos submitted a Diagnosis Update Form requesting that degeneration of cervical intervertebral disc, osteophyte of cervical vertebrae, and spinal stenosis in the cervical region be added as compensable components of the claim. The claim administrator issued an order dated October 19, 2021, denying the addition of these diagnoses as compensable components of the claim.

Mr. Hawkins was deposed on February 16, 2022, and testified that he had never been diagnosed with degenerative disc disease nor had any issues prior to the injury. Mr. Hawkins further testified that he continued to have the same symptoms since the injury with pain radiating down his arm and down his leg.

On August 22, 2022, the Board of Review issued an order reversing the claim administrator's October 19, 2021, order and holding compensable the following diagnoses: degeneration of cervical intervertebral disc; osteophyte of cervical vertebrae; and spinal stenosis in the cervical region. Bimbo protested the August 22, 2022, order to this Court.

On October 27, 2022, Mr. Hawkins was seen at MedExpress, and a Workers' Compensation Duty Form was completed by Jamie Jarrell, NP. The form noted that Mr. Hawkins should only perform modified duty with no bending/stooping, kneeling,

2

pulling/pushing, or reaching. Mr. Hawkins completed a Reopening Application for Temporary Total Disability dated October 27, 2022. NP Jarrell indicated that the compensable diagnoses were cervical spinal stenosis and sprain of ligament of the lumbar spine. NP Jarrell noted that Dr. Bachwitt's evaluation indicated that Mr. Hawkins had reached MMI for the compensable conditions but recommended a referral for pain management. NP Jarrell indicated that Mr. Hawkins was temporarily and totally disabled from April 2, 2020, to the present.

On February 2, 2023, this Court reversed the Board's August 22, 2022, order and remanded the claim to the Board with instructions to determine if Mr. Hawkins met his burden of proving that the added conditions are new, discrete injuries, resulting from his workplace injury and if there is sufficient evidence to show a causal relationship between the injury and these conditions.

Mr. Hawkins was deposed on August 17, 2023. Mr. Hawkins testified that he never had back or neck problems before the January 14, 2020, injury; that he had not returned to work since the injury; and that he applied for Social Security Disability benefits.

On February 1, 2024, the Board issued an order affirming the claim administrator's orders denying the addition of degeneration of cervical intervertebral disc and osteophyte of cervical vertebrae and spinal stenosis in cervical region as compensable components in the claim, denying a reopening of the claim for TTD benefits, and denying a referral for pain management. The Board found that degeneration of cervical intervertebral disc and osteophyte of cervical vertebrae and spinal stenosis in cervical region were not caused by the compensable injury and are not compensable, Mr. Hawkins' failed to establish a progression or aggravation of his compensable condition as required for a reopening for TTD benefits, and Mr. Hawkins' failed to establish that the requested referral for pain management was related to the compensable injury. Mr. Hawkins now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;

3

(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __S.E.2d __ (2024).

Mr. Hawkins argues that the Board failed to address the medical evidence establishing that he has physical restrictions that prevent him from returning to work. Mr. Hawkins further argues that the Board failed to note that Dr. Bachwitt did not address in his report whether the request for a referral for pain management was for treatment of the compensable injury. Finally, Mr. Hawkins argues that the requested additional diagnoses, degeneration of cervical intervertebral disc and osteophyte of cervical vertebrae and spinal stenosis in cervical region, should have been held compensable as those preexisting conditions were aggregated by the compensable injury. We disagree.

In *Harper v. State Workmen's Comp. Comm'r.*, 160 W. Va. 364, 234 S.E.2d 779 (1977), the Supreme Court of Appeals of West Virginia held that for a reopening of a workers' compensation claim, "the claimant must show a prima facie cause, which means nothing more than any evidence which would tend to justify, but not to compel the inference that there has been a progression or aggravation of the former injury." *Id.* at 364, 234 S.E.2d at 780, syl.

The Supreme Court held, in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016):

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Id.* at 738, 783 S.E.2d at 858, syl. pt. 3.

The Supreme Court clarified its position in *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022), holding:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting

4

disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Id.* at 294, 879 S.E.2d at 781, syl. pt. 5

Here, the Board found that Bimbo had rebutted the presumption under *Moore* and established that degeneration of cervical intervertebral disc and osteophyte of cervical vertebrae and spinal stenosis are preexisting degenerative conditions and are not compensable. The Board noted that Dr. Bachwitt found the compensable conditions at MMI, and that Mr. Hawkins failed to specify in his reopening application how his compensable injuries had progressed or been aggravated. Thus, the Board found that Mr. Hawkins failed to establish that he sustained a progression or aggravation of his compensable condition as required for a reopening. The Board also noted that Dr. Bachwitt's report indicated that the referral for pain management was indicated for noncompensable conditions. Thus, the Board found that the referral to pain management was not medically related and reasonably required medical treatment for the compensable injuries.

Upon review, we conclude that the Board was not clearly wrong in finding that the requested diagnoses are not compensable and that the requested treatment was not medically related and reasonably required medical treatment for the compensable injuries in the claim. Further, the Board was not clearly wrong in finding that Mr. Hawkins failed to establish that he sustained a progression or aggravation of his compensable condition as required for a reopening of his claim.

As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's orders denying the addition of degeneration of cervical intervertebral disc and osteophyte of cervical vertebrae and spinal stenosis in cervical region as compensable components in the claim, denying a reopening of the claim for TTD benefits, and denying a referral for pain management.

Accordingly, we affirm the Board's February 1, 2024, order.

5

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

6